ALO TAISI, Plaintiff

v.

PUAILOA, Defendant

No. 4-1908

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Latana" part of land "Malaeimi"]

October 28, 1909

---

B. R. PATRICK, Chaplain, U.S. Navy, *President of Court;*
J. L. DWYER, *Associate Member;* and TUFELE, *Associate Member*

DECISION

The land involved in this case was included in a larger tract recently leased by Puailoa to the representative of the Mormon Mission in Tutuila. The Plaintiff then asserted claim to the ownership of that part of the tract known by the name "Latana", and demanded a division of the rental. Upon being denied a share of the rental, Alo Taisi instituted proceedings to establish his claim to title in the land "Latana".

The Court has carefully listened to and weighed the mass of conflicting testimony presented before it and has come to the following conclusions:—

The Plaintiff claims ownership of the land "Latana" through conveyance, Faa-Samoa, from Lualemana a chief of Asu, to the Toafia—three ruling chiefs of Fagasa, Tupuola, Tuinei, and Alo. It appears that the Toafia have, for the purposes of asserting ownership in court, centered their claims in Alo Taisi. From the year 1900, at the establishment of this government it is unquestioned that Alo has consistently asserted his claim.

The Defendant's claim of ownership arises from the undisputed overlordship of the name Puailoa over all Malaeimi not controlled by Fanene, a Malaeimi chief of equal rank; and from the fact that the general name "Malaeimi" includes the land called "Latana" which Alo claims, as well as that portion of the property not claimed by Alo.

It is apparent that neither party has attempted to sacrifice his own interests in the interest of truth and justice.

The chief problem that confronts this Court is whether or not the Latana is a part of Malaeimi. After a careful consideration of the evidence, the Court is convinced that the Latana is a part of Malaeimi.

At the time the Land Commission sat in Apia and considered claims of divers foreigners to native lands in Samoa, the firm of McArthur and Company of Apia claimed the land Malaeimi through an alleged conveyance of one Alaia. Puailoa and Fanene successfully resisted this claim in Upolu and the claim of McArthur and Company was rejected by the Land Commission.

The land has been unimproved property during the memory of any living man up to the year 1900, since which time various cultivations and improvements, including the weeding of the road, have been made by Alo and the people of Fagasa. Puailoa frankly admits that since 1900 no cultivations have been made upon any part of "Latana" by the authority of Puailoa.

From the time that Lualemana is alleged to have lived on the land, until the year 1900, Alo admits that nothing was done by either Lualemana, the Toafia, or the name Alo to assert claim to ownership in the land. Some testimony has been introduced to the effect that a keel was cut from "Latana" for a Fagasa boat; the Samoan idea of "meum" and "tuum" at that time would, however, preclude this isolated incident from being seriously considered as assertion of title to the land.

195

On the other hand, Puailoa has, for many years, maintained caretakers, appointed from descendants of Malaeimi people living in the neighboring village of Faleniu. The direct positive evidence of two of these caretakers, Fagaima and Tuiaana, has satisfied the Court that, as early as the time of the Brandeis government, they cleared and weeded the road through Malaeimi including the Latana; that there are a number of houses in Faleniu built of lumber taken from the Latana at different periods of time:—thus showing maintenance, habitual use, and enjoyment of the natural products of the land through the "Pule" of Puailoa; and that, during the time they were caring for the land, no claim to ownership was asserted by Lualemana or the Toafia or Alo until the year 1900, shortly after the accession of the present Alo Taisi to the name Alo.

Many of the points presented by the Defendant would not, standing alone, conclusively establish his contention: —for example, the clearing of a road through the property at the time of the Brandeis government, under previous decisions of this Court, is not conclusive proof of Defendant's ownership, but taken corroboratively, it is a stronger element of proof than Plaintiff's weeding of the road after the establishment of this government. The habitual use by the Defendant of bread-fruit lumber for the building of houses in Faleniu is a far more convincing proof of ownership than the incidental taking of a log from the land for the keel of a boat by the people of Fagasa. The successful resistance by Puailoa of the claim of McArthur and Company before the Land Commission in Apia has far more weight as evidence before this Court than the claim asserted by Alo in the trial of *Pulu v. Fanene* in the High Court of Tutuila in the year 1905; it is the opinion of the Court that, were it not for the vigilance of Puailoa and Fanene in resisting the claim of McArthur and Company

before the Land Commission, the entire property known as Malaeimi, including the Latana, would have passed out of control of native Samoans.

From a preponderance of evidence Puailoa has undoubtedly established his claim to ownership in the land in dispute.

The claim of Puailoa for travelling expenses to Apia &c. is for obvious reasons disregarded.

The complaint of Plaintiffs is dismissed.

Let a decree issue vesting the title of the property known as "Latana in Malaeimi" in the Defendant Puailoa.

Costs are assessed at $125.00, one half to be borne by the Plaintiff, and one half by the Defendant.